IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEBORAH L. ENGLISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01127 (WBP) |
| | ) |
| FAIRFAX COUNTY GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court in this Equal Pay Act ("EPA") action is Plaintiff Deborah L. English's Motion *in Limine*. ("Motion"; ECF No. 17.) For the reasons below, Plaintiff's Motion is DENIED without prejudice.

The EPA prohibits sex-based employment discrimination and requires employers to pay employees of both sexes equally for jobs that require "equal skill, effort, and responsibility, and [that] are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish a *prima facie* case of EPA discrimination an employee must show that "(1) the defendant-employer paid different wages to an employee of the opposite sex (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018).

If an employee establishes a *prima facie* case, then the employer bears the burden of showing that the wage differential is justified by one of the affirmative defenses listed in the statute: that (1) the employer has a seniority system; (2) the employer has a merit system; (3) the employer has a pay system based on quantity or quality of output; or (4) the disparity is based on

a factor other than gender. *See* 29 U.S.C. § 206(d)(1); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974).

Ms. English filed this Equal Pay Act ("EPA") case alleging that her employer, Defendant Fairfax County Government ("County"), paid her 25% less than male co-workers who held her same job position. (ECF No. 1 at 2-3.) In its Answer, the County asserts the merit system affirmative defense, alleging that it uses a merit pay system for all full-time employees and that it considers "industry experience" as a significant factor when establishing a new employee's starting salary within a pay grade. (ECF No. 8 at 4-5.)

Through the instant Motion, Ms. English asks the Court to prohibit the County from using the term "industry experience" when addressing witnesses or the jury on the ground that it has no "relevance to this case or bearing on any issues in this case." (ECF No. 18 at 3.) Ms. English further argues that, while "job experience" can be considered to set an employee's wage, "industry experience" cannot. (ECF No. 17 at 1.) In response, the County argues, among other things, that the Motion is premature and that industry experience is otherwise relevant to its merit system exception affirmative defense. (ECF No. 20 at 1-2.)

While not explicitly addressed in the Federal Rules of Evidence,[1] motions *in limine* have been recognized as appropriate vehicles for litigants to ask courts to expressly exclude or allow certain evidence before it is offered at trial. *See Gonzalez v. SeaWorld Parks & Ent. LLC*, No. 4:20CV27 (RCY), 2021 WL 3203535, at *1 (E.D. Va. July 28, 2021). "The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider."

---

[1] While the Federal Rules of Evidence do not reference motions *in limine*, these motions have evolved through the courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

*Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016). A motion in *limine* should be granted only when "the evidence is clearly inadmissible [or clearly admissible] on all potential grounds" because courts are better situated to assess evidence-related issues at trial. *United States v. Verges*, No. 1:13CR222 JCC, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). If the court has insufficient information to make a decision pre-trial, it may "may reserve judgment [on a motion *in limine*] until trial so that the disputed evidence [can be] placed in the appropriate factual context." *Id.*

At this time, the Court has not been presented with a sufficient factual record to decide Ms. English's Motion. As an example, the Court has no information on her comparators—including their "job experience" or "industry experience"—or on the type of information the County considered when it set their pay. As a result, the Court is without sufficient information to decide whether "industry experience" is clearly inadmissible on all grounds. *See Verges*, 2014 WL 559573, at *3. The Court will be better situated to assess this issue shortly before trial or at trial. *See e.g.*, *Intelligent Verification Sys., LLC*, 2015 WL 1518099, at *9 (holding that any motions *in limine* denied as premature could be re-raised through objections at trial).

Therefore, for the above reasons, it is hereby ORDERED that Plaintiff's Motion *in Limine* is DENIED without prejudice to Plaintiff's right to renew it before trial.

Entered this 24th day of February 2025.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

3